497 P.2d 239

**Rodney M. LARSON, Plaintiff
and Appellant,**

v.

**Eva Free KELLY, Defendant
and Respondent.**

**No. 12413.**

Supreme Court of Utah.

May 24, 1972.

Gerald E. Nielson, Salt Lake City, for plaintiff and appellant.

J. Lambert Gibson, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the district court wherein he seeks to recover damages for a claimed breach on the part of the defendant to sell certain real property. The district court entered a judgment adverse to the plaintiff and he appeals to this court.

On March 25, 1965, the parties executed an instrument entitled Earnest Money Receipt and Offer to Purchase wherein the defendant offered to sell a motel located in Salt Lake County to the plaintiff. The plaintiff by execution of the instrument agreed to purchase the motel property for the sum of $56,000 with a down payment of $18,000 and the transfer

of an equity in a home owned by the plaintiff with an agreed value of $10,000. The contract provided that certain unfinished items were to be completed in the construction of the home within ten days after a loan commitment was made by a bank on the defendant's motel. The instrument also provided April 15, 1965, as the date fixed for the payment of the down payment and transfer of possession of the properties. The plaintiff did not perform his obligations under the contract within the time limits above mentioned nor did he tender performance. At a meeting between the parties on or about May 25, 1965, the defendant through her counsel notified the plaintiff that because of his failure to perform the contract was terminated. It was the plaintiff's contention at the trial in the court below that the defendant had by her conduct and oral declarations modified the contract so as to extend the time for performance. The trial court found against plaintiff on this issue and in fact entered a finding that the defendant at no time agreed to an extension and that at no time did she agree to anything other than strict performance of the terms of the Earnest Money Receipt and Offer to Purchase. The finding of the court is supported by the record. The plaintiff having failed to perform his contract is not in a position to claim damages from the defendant by reason of the parties' failing to complete the sale of the property in question.

The decision of the district court is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.